**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**RACHEL WEBER, *et al.*,**

**Plaintiffs,**

**v.**

**Civil Action 2:26-cv-398**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

**AIR TRANSPORT INTERNATIONAL, INC., *et al.*,**

**Defendants.**

**ORDER**

Plaintiffs, Rachel Weber and Lori Roberts, sue Defendants, Air Transport International, Inc. and Association of Flight Attendants—CWA, under the Railway Labor Act in connection with Plaintiffs' termination from employment. This matter is before the Court on Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 16). For the following reasons, Plaintiffs' Motion is **GRANTED**.

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results

in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Off. of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

Defendants' only arguments in opposition to Plaintiff's Motion to Amend rest on the futility of Plaintiff's proposed amendments. Because "denying a motion for leave to amend on grounds that the proposed [complaint] is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the complaint, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Plaintiff to amend the Complaint with the understanding that Defendant is free to challenge the claims against it through a motion to dismiss. *See Durthaler*, 2011 WL 5008552, at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The

trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.”).

For these reasons, Plaintiffs’ Motion for Leave to File Second Amended Complaint (ECF No. 16) is **GRANTED**. The Clerk is **DIRECTED** to file on the docket Plaintiffs Second Amended Complaint, attached to their Motion as Exhibit 1 (ECF No. 16-1 through 16-13). Defendant Air Transport International, Inc.’s Motion to Dismiss Amended Complaint (ECF No. 11) is **TERMINATED AS MOOT** in light of Plaintiffs’ Second Amended Complaint. Per the undersigned’s September 15, 2026 Order (ECF No. 18), the parties are **ORDERED** to file a revised joint Rule 26(f) report **ON OR BEFORE OCTOBER 14, 2026**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE